**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Herlinda Corona ULLOA,**
**Defendant–Appellant.**

**No. 05–51140**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Herlinda Corona Ulloa appeals her 125–month sentence imposed following her guilty plea to possession with intent to distribute more than 100 kilograms of marijuana. Ulloa argues that her sentence is unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). She argues that her sentence is too severe and that it fails "to account for the decreasing recidivism of older offenders." She also argues that the record does not reveal that the sentence is necessary to provide her with educational or vocational training, medical care, or other correctional treatment.

Under the discretionary sentencing scheme established by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts retain the duty to consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a). *United States v. Mares,* 402 F.3d 511, 518–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Ulloa's sentence is within the guidelines range and is pre-

sumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir.2006). We infer in our reasonableness review that the district court considered the § 3553(a) factors in imposing the sentence. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir.2006); *Alonzo*, 435 F.3d at 554.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.